UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                                          Case No. 3:23-cr-9

        Plaintiff-Respondent,

v.                                                                 ORDER

Marvin D. Wright,

        Defendant-Petitioner.

Defendant-Petitioner Marvin D. Wright filed a motion for the production of a copy of the transcript from his April 18, 2024 sentencing hearing without charge pursuant to 28 U.S.C. § 753(f). (Doc. No. 33). Wright asserted he needed the transcript to assist him with filing a post-conviction challenge. (*Id.* at 1). Wright subsequently filed a motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255, arguing his appointed counsel was constitutionally ineffective in failing to argue that (1) 18 U.S.C. § 922(g)(1) is unconstitutional and (2) Wright's total offense level, in particular his base offense level and certain status points he received, was calculated incorrectly. (Doc. No. 35 at 4-5).

    Section 753 provides in part:

    Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.

28 U.S.C. § 753(f).

The Supreme Court has upheld the requirements of this statute, holding that it is "enough at the collateral-relief stage that Congress has provided that the transcript be paid for by public funds [pursuant to § 753(f)] if one demonstrates to a district judge that his [§] 2255 claim is not frivolous, and that the transcript is needed to decide the issue presented." *United States v. MacCollom*, 426 U.S. 317, 326 (1976).

I conclude Wright has not shown he is entitled to his sentencing transcript under § 753(f) because he has not shown the transcript is necessary to resolve the issues he raised in his § 2255 motion. Therefore, I deny his motion. (Doc. No. 33).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge