UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                                                 Case No. 3:23-cr-9

        Plaintiff,

v.                                                                      ORDER

Marvin D. Wright,

        Defendant.

Defendant Marvin D. Wright seeks to be released from the Federal Bureau of Prisons facility at which he is incarcerated through a compassionate release order reducing his sentence to time served. (Doc. No. 37). Section 3582(c)(1)(A) mandates that a defendant seeking modification of his sentence must first fully exhaust all administrative remedies or wait at least 30 days after submitting a request for release to the warden before filing a motion for modification. 18 U.S.C. § 3582(c)(1)(A). Wright has not complied with the exhaustion requirement.

Wright filed his initial request for compassionate release on January 8, 2025, though that motion contained only two references to "compassionate release" and lacked any analysis of the statutory factors. (*See* Doc. No. 37). But Wright's second supplement to his compassionate release motion indicated he did not submit an administrative request for compassionate release until January 23, 2025, 15 days after he filed his initial motion. (Doc. No. 43 at 2-5). While Wright's first supplement to his compassionate release motion contains a fuller discussion of Wright's asserted basis for compassionate release, it is dated February 6, 2025, two weeks after he submitted his

administrative request and 12 days before he received notice of the warden's denial of his administrative request. (*See* Doc. No. 42 at 1-2; Doc. No. 43 at 1).

Thus, neither of these filings comply with the mandatory exhaustion requirement, which permits a defendant to file for compassionate release <u>only after</u> the defendant has exhausted his administrative remedies or more than 30 days passed between the date on which he submitted his administrative request and the date on which he filed his motion. 18 U.S.C. § 3582(c)(1)(A).

This requirement is mandatory and not subject to waiver. *United States v. Alam*, 960 F.3d 831, 836 (6th Cir. 2020) (dismissing defendant's motion upon the government's timely objection because defendant filed "before waiting out a statutorily required non-adversarial window"). The government objects here, noting "Wright does not offer any proof, nor does he even allege, that he has exhausted his administrative rights." (Doc. No. 39 at 17). Moreover, as I discussed above, the record now affirmatively establishes that Wright did not exhaust his administrative remedies before filing his compassionate release motion.

In these circumstances, I must dismiss Wright's motion without prejudice. *Alam*, 960 F.3d at 836. Wright may refile his motion once he has properly complied with § 3582(c)(1)(A)'s exhaustion requirement.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge